**Electronically Filed**
**Intermediate Court of Appeals**
**30564**
**30-JAN-2013**
**08:53 AM**

NO. 30564

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DARA L. HEINZMAN, Claimant-Appellant,
v.
CENDANT CORPORATION, Employer-Appellee,
and
CNA CLAIMPLUS, INC., Insurance Carrier-Appellee.


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2007-510 (2-04-04598))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

In this workers' compensation case, Claimant-Appellant Dara L. Heinzman (Heinzman) appeals from the May 17, 2010 Decision and Order (Decision and Order) of the Labor and Industrial Relations Appeals Board (LIRAB). The LIRAB affirmed the November 2, 2007 decision of the Director of the Department of Labor and Industrial Relations (Director's Decision), in which the Director denied Heinzman's request to reopen her March 4, 2004 work-related injury claim against Employer-Appellee Cendant Corporation (Cendant) and Insurance Carrier-Appellee CNA Claimplus, Inc. (CNA Claimplus, Inc.) (collectively, Cendant).

On appeal,[1] Heinzman maintains that the LIRAB erred in finding and concluding that her March 4, 2004 work-related injury did not result in Complex Regional Pain Syndrome (CRPS).[2] Heinzman raises the following points of error:

(1) The LIRAB erred in entering Finding of Fact (FOF) 27, crediting the opinions of Peter Diamond, MD (Dr. Diamond) and Linda Rowan, MD (Dr. Rowan) over physicians who had diagnosed Heinzman with CRPS or Reflex Sympathetic Dystrophy (RSD) and concluding that neither diagnosis was supported by the evidence.

(2) The LIRAB erred in Conclusion of Law (COL) 2 when it concluded that Heinzman did not suffer from CRPS or RSD.

---

[1] The opening brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b). There are numerous references to a trial transcript that was not made part of the record on appeal. HRAP Rule 28(b)(3) requires a concise statement of the case with "record references supporting each statement of fact or mention of court or agency proceedings." Further, Hawaii Administrative Rules (HAR) § 12-47-56(b) requires the appellant to order the transcript or file a certificate that no transcript is to be ordered. HAR § 12-47-56(b) ("Within ten days after filing the notice of appeal the appellant shall order . . . a transcript of the [LIRAB's] audio tape recording of the proceedings which are not already on file. . . . If no transcript is to be ordered . . . the appellant shall file a certificate to that effect."). The record does not contain any transcripts of proceedings before the LIRAB or a request by Heinzman for transcripts. Heinzman's counsel is warned that, pursuant to HRAP Rule 51, future non-compliance with HRAP 28(b) may result in sanctions against him.

[2] According to Section 16.5e of the AMA Guides to the Evaluation of Permanent Impairment, 5th Edition (AMA Guides), which was relied upon by both Cendant and Heinzman, CRPS, also known as Reflex Sympathetic Dystrophy (RSD), is characterized by "burning pain that is present without stimulation or movement, that occurs beyond the territory of a single peripheral nerve, and that is disproportionate to the inciting event." The AMA Guides state that diagnosis of CRPS is complicated by the subjective nature of the pain, "many of the associated physical signs and radiologic findings can be the result of disuse," and that "the approach to the diagnosis of [CRPS] should be conservative and based on objective findings." Under the AMA Guides, a diagnosis of CRPS is based on "objective findings that can be identified during a standard physical examination and demonstrated by radiologic techniques. At least eight of these findings must be present concurrently for a diagnosis of CRPS." (Emphasis added). Objective clinical signs are: (1) mottled or cyanotic skin color; (2) cool skin; (3) edema; (4) dry or overly moist skin; (5) smooth, nonelastic skin texture; (6) soft tissue atrophy, especially in fingertips; (7) joint stiffness and decreased passive motion; (8) nail changes (blemished, curved, talonlike); (9) hair growth changes (fall out, longer, finer). Radiographic signs are: trophic bone changes, osteoporosis; bone scan findings consistent with CRPS.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Heinzman's points of error as follows:

The LIRAB did not err in FOF 27 regarding the credibility of the expert medical opinions. FOF 27 states:

> [FOF] 27. The [LIRAB] credits the opinions of Dr. Diamond and Dr. Rowan over those physicians that diagnosed [CRPS] or [RSD]. Such diagnoses are inconsistent with, and not supported by, the medical records or applicable diagnostic criteria.

We review an administrative agency's FOFs "under the clearly erroneous standard to determine if the agency decision was clearly erroneous in view of reliable, probative, and substantial evidence on the whole record." Igawa v. Koa House Rest., 97 Hawaiʻi 402, 406, 38 P.3d 570, 574 (2001). In this case, substantial evidence is evidence of sufficient quality and probative value to support the LIRAB's finding that the opinions of Dr. Diamond and Dr. Rowan were credible and that a diagnosis of CRPS or RSD was inconsistent with the medical records and applicable diagnostic criteria.

Furthermore, it is well-established that "the credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal." Tamashiro v. Control Specialist, Inc., 97 Hawaiʻi 86, 92, 34 P.3d 16, 22 (2001).

Dr. Diamond had seen Heinzman on November 23, 2004 for the purpose of an Independent Medical Evaluation (IME) and a disability rating in regards to Heinzman's work injury. At that time, Dr. Diamond also reviewed other medical records, including x-rays, a bone scan of the feet and ankles, and reports from other physicians. On August 29, 2007, and September 21, 2007, Dr. Diamond reviewed additional physicians' reports and other

medical records dated between October 2005 and July 2007.
Dr. Diamond disputed the clinical diagnosis of RSD made by
A. Robert Lagone, DPM (Dr. Lagone).  Dr. Diamond acknowledged
that Heinzman had "sufficient subjective clinical complaints to
entertain a diagnosis of [RSD]" but concluded that Heinzman did
not meet the objective diagnostic criteria as set forth in the
AMA Guides.

        The LIRAB also credited the report of Dr. Rowan, who
was a referral for consult by Jeffrey Harpstrite, MD and who saw
Heinzman on February 3, 2005, nearly a year after the injury
occurred.  In her report, Dr. Rowan stated that "[t]here is
certainly no diagnostic evidence or physical exam evidence to
support the diagnosis of complex regional pain syndrome."  It is
within the province of the LIRAB to determine the credibility of
the opinions submitted by the doctors and to weigh the evidence
accordingly; we find no reason to disturb the LIRAB's finding.
Tamashiro, 97 Hawai'i at 92, 34 P.3d at 22.

        We are also not persuaded by Heinzman's argument that
the LIRAB improperly credited the opinions of Dr. Diamond and
Dr. Rowan because they had not conducted updated physical
examinations of her.  Both doctors had physically examined
Heinzman within a year after the work injury and determined that
their examination and the records did not support the diagnosis
of RSD or CRPS.  Furthermore, a report of a bone scan taken
subsequently on March 12, 2007 specifically found no evidence of
RSD.

        Heinzman points to certain medical records and the
reports by M. Katherine Schaefer, MD (Dr. Schaefer), Dr. Lagone,
and Timothy Olderr, MD (Dr. Olderr), to assert that the LIRAB
should have credited the opinions of these doctors, who diagnosed
her with CRPS or RSD.  Review of the medical records and the
reports by Dr. Schaefer, Dr. Lagone, and Dr. Olderr establish
that some of the objective indications of CRPS are indicated for

Heinzman. However, the records and the reports by these doctors do not establish eight objective findings as required under the AMA Guides for a diagnosis of CRPS.

We also note that in weighing the evidence, the LIRAB did not find Heinzman's testimony to be credible as to the alleged changes in her leg and foot; additionally, they found her testimony to be inconsistent with the medical records.

Moreover, Heinzman failed to challenge FOF 23 and FOF 24, in which the LIRAB further credited Dr. Diamond's opinion. She also failed to challenge FOF 14, wherein the LIRAB adopted the October 12, 2005 Director's Decision FOFs/COLs, in which the Director concluded that Heinzman's foot injury resolved on December 15, 2004.

Because Heinzman failed to challenge these findings, we are bound by them. Taylor-Rice v. State, 91 Hawai'i 60, 65, 979 P.2d 1086, 1091 (1999) (findings of fact not challenged on appeal are binding on the appellate court); see also Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 252, 948 P.2d 1055, 1093 (1997) ("[i]f a finding is not properly attacked, it is binding; and any conclusion which follows from it and is a correct statement of law is valid") (citation omitted).

Considering the record as a whole, we conclude that the LIRAB's FOF 27 is supported by reliable, probative, and substantial evidence. HRS § 91-14(g) (2012 Repl.); Igawa, 97 Hawai'i at 406, 38 P.3d at 574.

The LIRAB also did not err in entering COL 2, which states:

> 2. The Board further concludes that Claimant did not suffer from Complex Regional Pain syndrome.
> Table 16-16 on page 496 of the Guides provides the following "Objective Diagnostic Criteria for CRPS (RSD and causalgia)":
>     - Skin color: mottled or cyanotic
>     - Skin temperature: cool
>     - Edema
>     - Skin dry or overly moist
>     - Skin texture: smooth, nonelastic
>     - Soft tissue atrophy: especially in fingertips

> - Joint stiffness and decreased passive motion
> - Nail change: blemished, curved, talonlike
> - Hair growth change: fall out, longer, finer
> - Radiographs: trophic bone changes, osteoporosis
> - Bone scan: findings consistent with CRPS
>
> The Guides provide that "[a]t least eight of these findings must be present concurrently for a diagnosis of CRPS. Signs are objective evidence of disease perceptible to the examiner, as opposed to symptoms, which are subjective sensations of the individual."  The Guides caution that "[s]ince a subjective complaint of pain is the hallmark of these conditions, and many of the associated physical signs and radiologic findings can be the result of disuse, the differential diagnosis is extensive . . . Consequently, the approach to the diagnosis of these syndromes should be conservative and based on objective findings."
>
> Claimant has not established that she has Complex Regional Pain syndrome or Reflex Sympathetic Dystrophy. Claimant does not meet the criteria set forth in the Guides for such a diagnosis, and the bone scan did not support such a diagnosis.  At no time did Claimant concurrently have eight or more of the foregoing signs.

A conclusion of law will not be overturned if supported by the findings of fact and the application of the correct rule of law.  Tamashiro, 97 Hawai'i at 93, 34 P.3d at 23 (citation omitted).  Here, the LIRAB's uncontested FOFs and FOF 27, finding that a diagnosis of CRPS was not supported by the evidence, support the conclusion that Heinzman did not establish that she has CRPS.  Heinzman does not contend the LIRAB applied an incorrect rule of law.  Therefore, COL 2 was not in error.

In addition, Heinzman failed to challenge COL 1, wherein the LIRAB concluded that Heinzman failed to present substantial evidence that there had been a change in her physical condition.  She also failed to challenge the LIRAB's conclusion that her left foot contusion had resolved on or by December 15, 2004.

Thus, we hold that the LIRAB did not err when it affirmed the November 2, 2007 Director's Decision not to reopen Heinzman's workers' compensation case.

Therefore,

IT IS HEREBY ORDERED that the May 17, 2010 Decision and Order of the Labor and Industrial Relations Appeals Board is affirmed.

DATED: Honolulu, Hawai'i, January 30, 2013.

On the briefs:

Charles H. Brower
for Claimant-Appellant

Leighton K. Oshima
Darlene Y. F. Itomura
(Wong & Oshima)
for Employer-Appellee and
Insurance Carrier-Appellee

Chief Judge

Associate Judge

Associate Judge